UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARLENE COLEMAN,

    Plaintiff,

v.	Case No:   6:14-cv-527-Orl-18TBS

STARBUCKS COFFEE COMPANY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Proceed In Forma Pauperis. (Doc. 2).  Federal courts may allow an individual to proceed *in forma paperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor."  28 U.S.C. § 1915(a)(1).  However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.  Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted."  Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6).  Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011).  Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint.  La Gresta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to "show[ ]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), the plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of any factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679.

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). That said, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). The court will not "serve as de facto counsel for a party or . . . rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Plaintiff alleges claims of race discrimination and retaliation. It appears that she obtained a complaint from a different case and then copied and edited it to suit her needs. Plaintiff's complaint is deficient because: (1) it omits identifiable Counts I and II; (2) includes paragraphs which jump from 48 to 67; (3) contains requests for relief which omit a paragraph (d); (4) includes mis-numbered or missing paragraphs; (5) includes blank spaces where Plaintiff has deleted words or phrases; (6) Count V states that it reincorporates "Paragraphs 1 through of the complaint by reference" (sic); and (7) Counts III, V, and VI include unnumbered paragraphs in violation of Federal Rule of Civil Procedure 10. It would be better for Plaintiff to correct her complaint now, rather than grant her motion to proceed *in forma pauperis* and then deal with these matters later.

Accordingly, I **respectfully recommend** the Court (1) **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2); (2) **DISMISS** her complaint without prejudice; and (3) **GRANT** Plaintiff 21 days leave to amend her complaint to cure the deficiencies noted here.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendations. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida, on April 7, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Presiding United States District Judge
    Plaintiff, pro se
    Counsel of Record