UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARLENE COLEMAN,

    Plaintiff,

v.                                              Case No:   6:14-cv-527-Orl-18TBS

STARBUCKS COFFEE COMPANY,

    Defendant.

## AMENDED REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's second Motion to Proceed In Forma Pauperis.  (Doc. 12).  The Court denied her original motion (Doc. 2) following a *sua sponte* review of the complaint, which it found to be deficient.  (Docs. 1 and 8).  Plaintiff has filed her amended complaint (Doc. 10) and the pending motion.  After reviewing the amended complaint, I respectfully recommend the Court deny Plaintiff's motion to proceed *in forma pauperis*, and dismiss her complaint without prejudice.

### Background[2]

Plaintiff, who is African-American, alleges discrimination and retaliation in violation of 42 U.S.C. § 1981.  She began working for Defendant Starbucks Coffee Company on January 7, 2012.  For the first six months of her employment, everything was fine, and she excelled at her position as a barista.  She had no attendance issues, and did not receive any write-ups for misconduct.  On June 18, 2012, Rebecca Schott became

---

[1] This Report and Recommendation contains an amended service list.  The original Report and Recommendation (Doc. 13), is WITHDRAWN.

[2] Unless otherwise stated, all facts taken from Plaintiff's amended complaint (Doc. 10).

manager of the store where Plaintiff worked. Plaintiff immediately had problems with Schott, who she alleges, began a pattern of discrimination against Plaintiff and her African-American co-workers. Although her amended complaint is not entirely clear, it appears Plaintiff only wanted to work 12 hours a week, to accommodate her school schedule. This became a point of contention between Plaintiff and Schott, who repeatedly told Plaintiff she needed to work 16 hours a week, or, in one instance, 24 hours a week.

Schott's pattern of discrimination included, but was not limited to: (1) writing "untrue" statements on post-it notes and placing them in a place where all the baristas could see them; (2) taking Plaintiff off the schedule; (3) requiring Plaintiff to have 16 hours of availability; (4) requiring 24 hours availability one week; (5) denying requested days off and shift changes, while granting white employees' requests; (6) hiring only white employees; (7) giving Plaintiff's shifts to white employees; (7) yelling at Plaintiff in front of the entire store when Plaintiff requested a day off; (8) writing up Plaintiff in retaliation for Plaintiff's complaints against; (9) cutting Plaintiff's hours to 12 per week after she had been working 16 per week; (10) failing to give Plaintiff her performance evaluation for over five months; and (11) making discriminatory comments, including calling an African-American barista "Aunt Jemima" and stating that what Schott wanted for her birthday was "a white president in the White House."

After Plaintiff complained to Starbucks' Partner Resources, Schott and Division Manager Pat Davila began retaliating against her. This retaliation consisted of continuing to deny Plaintiff's schedule requests and ultimately firing her. Plaintiff alleges that at her last evaluation she discovered that Schott had added three disciplinary write

ups to Plaintiff's personnel file without Plaintiff's knowledge. Plaintiff alleges that Schott forged these write ups and added them to the file to justify Plaintiff's termination.

Plaintiff complains that after Schott became manager, five African-American employees were either terminated or forced out, and that for six months in 2013 there were no African-American employees under Schott's management, because Schott would only hire white employees. Only after Plaintiff made her claim did Schott begin to hire African-American employees.

Plaintiff filed a charge with the Equal Employment Opportunity Commission in November of 2012 and subsequently received a right to sue letter. She hired a law firm to take her case and attempt to mediate her claim with Defendant. Defendant refused to mediate, and stood by Schott. After Defendant's refusal to mediate, Plaintiff's attorneys withdrew, stating that the firm was too small to litigate her action in court. She filed her original complaint pro se in this Court on April 2, 2014.

Attached to Plaintiff's original complaint is more than 100 pages of exhibits including: (1) pictures of Plaintiff on her first day of work, accompanied by a letter stating her case; (2) multiple copies of the weekly schedule for various weeks starting in summer of 2012 and continuing until Plaintiff was terminated – these copies have notes written by Plaintiff in the margins; (3) an availability form filled out by Plaintiff on July 14, 2012, noting the hours she was available to work – Plaintiff has written notes in the margin; (4) a letter from Tyler Haugen, Starbucks Coffee Company partner resources manager, addressing Plaintiff's availability – Plaintiff has made notes explaining this exhibit on a separate page; (5) copies of text messages from division manager Pat Davila and copies of a shift change log, both with handwritten notes in the margins; (6) copies of "corrective action forms," disciplinary forms which constitute written warning of violations of

Defendant's policy; (7) a letter from the EEOC, agreeing to take no further action in Plaintiff's inquiry after she indicated she did not wish to continue with the process of filing a charge (Doc. 1-12); (8) text messages relating an incident where Plaintiff was in a confrontation with Schott (Doc. 1-13); (9) Plaintiff's personnel file with notes written by Plaintiff in the margins (Doc. 1-14); (10) notes from former customers and co-workers attesting to Plaintiff's work performance (Doc. 1-15); (11) pictures of Plaintiff's home when she worked for Defendant and now (Doc. 1-16) and (12) a copy of Plaintiff's original complaint. Many of Plaintiff's exhibits are difficult to read, and almost all contain handwritten comments in the margins.

Plaintiff's amended complaint contains a disorganized statement of facts. A few of the pages contain large headings, underneath which Plaintiff has attached evidence intermingled with argument and explanations. Some of this evidence was attached to Plaintiff's original complaint. Plaintiff has filed a motion to incorporate the rest of the original complaint's exhibits into her amended complaint because she says she cannot afford to make additional copies. (Doc. 12). Plaintiff has also included a handwritten table of contents describing those exhibits in her amended complaint.

## Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2).

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." Dismissal pursuant to § 1915(e)(2)(B)(ii) is governed by the same familiar standards that govern dismissal under Rule 12(b)(6). Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011). Section 1915(e)(2)(B)(ii) and Rule 12(b)(6) test the sufficiency of the plaintiff's complaint. La Gresta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Rule of Civil Procedure 8(a) provides that to state a cause of action a plaintiff must plead a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). The rule requires the plaintiff to "show[ ]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), the plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of any factual support are not entitled to

an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679.

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). That said, pro se litigants must still conform their pleadings to the Federal Rules of Civil Procedure. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). The court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Plaintiff's amended complaint fails to state a cause of action under Rule 8(a). Her statement of facts is coherent, but it is not in chronological order, and some paragraphs are unnumbered. Several pages repeat information and confusingly incorporate evidence into the body of her complaint. It looks like Plaintiff picked particular moments from her statement of facts and is attempting to prove those moments as an attorney would attempt to state the elements of a claim. But, she never relates her facts to any law or any element of a cause of action. The amended complaint contains no formal counts alleging a cause of action or stating the elements thereof, and it makes no demand for relief.

There may be a plausible claim here, but as written, the amended complaint makes it hard to see. If Plaintiff is going to move forward she will need to file a complaint with a logical, comprehensive statement of facts, written in chronological order and set

out in numbered paragraphs –it should start at the beginning of her story and go until the end.  The complaint should include separate counts which apply the facts of her claim to the elements of the causes of actions that she is attempting to bring.   Finally, her second amended complaint should include a demand for relief.

Because Plaintiff's amended complaint does not appear to be frivolous on its face, I **respectfully recommend** the Court (1) **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 12); (2) **DISMISS** her amended complaint (Doc. 10) without prejudice; and (3) **GRANT** Plaintiff a final opportunity to amend her complaint to cure the deficiencies noted here.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida, on May 15, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Presiding United States District Judge
    Defendant