UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DARLENE COLEMAN,**

        **Plaintiff,**

**v.**                                                  **Case No: 6:14-cv-527-Orl-22TBS**

**STARBUCKS CORP.**

        **Defendant.**

**ORDER**

This cause comes before the Court on Plaintiff Darlene Coleman's objection (Doc. No. 62) and amendment to her objection (Doc. No. 63) to the Magistrate Judge's Amended Report and Recommendation ("R&R"). (Doc. No. 42). The R&R recommended that Defendant Starbucks Corp.'s Motion for Summary Judgment (Doc. No. 44) be granted. For the reasons stated herein, the Court will overrule the objections and amendment thereto, and the Court will adopt and confirm the Magistrate Judge's R&R.

**I. BACKGROUND**

Plaintiff, Darlene Coleman ("Ms. Coleman"), an African American, is suing her former employer, Defendant Starbucks Corp. ("Starbucks"), for racial discrimination and retaliation in violation of 42 U.S.C. § 1981 and the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760.01 *et seq*. (Doc. No. 20). In its answer to Ms. Coleman's complaint, Starbucks denies liability and asserts nineteen affirmative defenses. (Doc. No. 27). The R&R contains a comprehensive recitation of the facts of this case, but an abbreviated version of the procedural history and factual background is provided below.

### A. Procedural History

On October 28, 2014, at the parties' case management conference, Starbucks served on Ms. Coleman interrogatories, requests for production of documents, and requests for admission. (Doc. No. 42-1 & 42-2; Doc. No. 44-1). At that time, Starbucks informed Ms. Coleman that she would be given an additional two weeks to respond if she informed Starbucks that such time was needed. (Doc. 43 at p. 2). Ms. Coleman did not respond to Starbucks's discovery requests. In April of 2015, two weeks before the discovery deadline, Starbucks attempted to schedule Ms. Coleman's deposition but she refused to be deposed. (Doc. No. 47 at p. 4). Starbucks moved to compel discovery the day before the discovery deadline, but the Magistrate Judge denied most of Starbucks's requested relief aside from ordering Ms. Coleman to provide initial disclosures. (Doc. Nos. 42 & 47).

On May 14, 2015, Starbucks moved for summary judgment, primarily relying on the requests for admission and arguing that Ms. Coleman's failure to respond should result in all responses deemed admitted, pursuant to Rule 36 of the Federal Rules of Civil Procedure. (Doc. No. 44 at 3-4; Doc. No. 44-1). The specific admissions are set forth in the R&R, but the essence of the admissions is that Ms. Coleman has admitted that she was not discriminated against, retaliated against, or terminated based on her race. (See Doc. No. 60 at p. 3). Notably, in Ms. Coleman's response to Starbucks's summary judgment motion, she stated that she will not "dispute" or "give testimony" contrary to the admissions. (Doc. No. 41 at p. 2) Instead, Ms. Coleman argued that she will prove the falsity of the documents that Starbucks used in support of its summary judgment motion. (*Id.*).

### B. Factual Background[1]

Ms. Coleman was hired as a part-time barista (officially called a "Partner" at Starbucks) in January of 2012. (Doc. No. 20, ¶ 1). A requirement for all Starbucks Partners is to provide a minimum number of available work hours per week, although Starbucks did not consistently adhere to this requirement. (Doc. No. 20, ¶¶ 1, 17-18; Doc. No. 27, ¶ 1). Several months after Ms. Coleman began working at Starbucks, a new manager was appointed to her branch. (Doc. No. 20. ¶ 14; Doc. No. 27, ¶ 14). Thereafter, Ms. Coleman began complaining that she was unfairly treated. (Doc. 20, ¶ 11). Ms. Coleman's allegations of unfair treatment are primarily based on disputes regarding her work schedule and assigned hours on the job. (*See* Doc. No. 51).

Additionally, Ms. Coleman contacted Partner Resources (Starbucks's Human Resources Department) and raised various complaints. (Doc. No. 20, ¶ 29). The parties dispute the nature of these complaints. (Doc. No. 44-3, ¶ 14; Doc. No. 51 at p. 13). Starbucks contends that Ms. Coleman failed to provide minimum availability hours, was late to or not present at work on a number of occasions, and raised her voice to her manager in front of customers. (Doc. No. 44 at p. 2). In addition to pointing to various scheduling disputes between herself and her Starbucks manager, Ms. Coleman claims that her Starbucks manager made racially motivated comments on two occasions, and that the manager "terminated" or "forced out" all other African American employees. (Doc. No. 51-14 at p. 14).

## II. LEGAL STANDARD

District courts review *de novo* any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v.*

---

[1] This section is a brief summary of Ms. Coleman's allegations against Starbucks for her discrimination and retaliation claims. For a more comprehensive review of Ms. Coleman's allegations, see the R&R. (Doc. No. 60).

*Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[2] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). *De novo* review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). The district court "need only satisfy itself that there is no clear error on the face of the record" in order to affirm a portion of the Magistrate Judge's recommendation to which there is no timely objection. Fed. R. Civ. P. 72 advisory committee's note (1983) (citations omitted); *see also*, *Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).

### C. LEGAL ANALYSIS

The Magistrate Judge provided a thorough analysis of the legal framework for Ms. Coleman's disparate treatment and retaliation claims. (Doc. No. 60 at pp. 14-23). Ms. Coleman had no objections to the Magistrate Judge's discussion of the substantive legal framework applicable to this case. At this juncture the Court's focus is on the Magistrate Judge's recommendation that Starbucks's motion for summary judgment be granted due to Ms. Coleman's failure to respond to requests for admission and subsequent failure to move for relief from the Court to withdraw her admissions deemed admitted under Rule 36 of the Federal Rules of Civil Procedure. (Doc. No. 60 at pp. 23-29). If deemed admitted, Ms. Coleman's admissions are dispositive of the factual issues in this case. Notably, Ms. Coleman did not object to the Magistrate Judge's recommendation that the Court must accept the admissions as "conclusively established." Fed. R. Civ. P. 36(b). Instead, Ms. Coleman objects to the deemed admissions on the basis that Starbucks engaged in discovery misconduct and made false statements, which is an argument

---

[2] Unpublished Eleventh Circuit cases are persuasive, but not binding.

almost identical to that raised in her response opposing summary judgment. (Doc. No. 51). Hence, Ms. Coleman's objections are not responsive to the Magistrate Judge's analysis of her deemed admissions.

### 1. Ms. Coleman's Deemed Admissions

Ms. Coleman's deemed admissions are sufficient to establish summary judgment in Starbucks's favor because the admissions include that Ms. Coleman was neither retaliated against nor discriminated against based on her race. (*See* Doc. No. 44-1 at pp. 5-6). The Magistrate Judge determined that Ms. Coleman never moved to withdraw her admissions under Rule 36(b), therefore the Court must accept the matters as "conclusively established." (Doc. No. 60 at p. 28). The R&R provides a detailed analysis of case law addressing the withdrawal of deemed admissions pursuant to Rule 36(b). (*See* Doc. No. 60 at pp. 23-29). The Magistrate Judge's conclusion that Ms. Coleman did not move to withdraw her deemed admissions is correct.[3] Specifically, the Magistrate Judge recommends that this Court should follow substantial authority holding that a court cannot *sua sponte* move to withdraw or amend an admission made under Rule 36 of the Federal Rules of Civil Procedure. Notably, Ms. Coleman's conduct cannot be construed as an implied motion to withdraw because she has expressly stated that she will not dispute the admissions. Yet, paradoxically, she attempts to present evidence contradicting her deemed admissions. Ms. Coleman's unresponsive objections are addressed later in this Order.

Pursuant to Rule 36, if an admission is not answered or objected to within thirty days, the admission is deemed admitted. Fed. R. Civ. P. 36(a)(3). Matters admitted under Rule 36(a) are "conclusively established, unless the court, on motion, permits the admission to be withdrawn or

---

[3] The Magistrate Judge found that, as of the date of the R&R, Ms. Coleman had not moved to withdraw her deemed admissions. (*See* Doc. No. 60 at p. 24). This Court notes that, in Ms. Coleman's Objections, she has once again failed to move to withdraw her deemed admissions. (*See* Doc. Nos. 62 & 63).

amended." Fed. R. Civ. P. 36(b). Rule 36 further provides for a two-step analysis in permitting withdrawal of deemed admissions: (1) if permitting withdrawal "would promote the presentation of the merits;" and (2) "the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). While the Eleventh Circuit has not addressed whether a court can refuse to accept an admission *sua sponte*, there is substantial authority concluding that a court cannot *sua sponte* withdraw or amend an admission made under Rule 36. *See Am. Auto Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119-20 (5th Cir. 1991); *see also*, *Tillamook Country Smoker, Inc. v. Tillamook Cnty Creamery Ass'n*, 465 F.3d 1102, 1112 (9th Cir. 2006). A motion to withdraw or amend is the exclusive remedy for defaulted admissions, therefore, a party that fails to move for relief "cannot attack issues of fact established in admissions by resisting a motion for summary judgment." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987).

The Magistrate Judge noted that some courts have taken a more permissive approach to Rule 36(b) by allowing withdrawal of admissions absent an express motion. (Doc. No. 60 at pp. 26-27). However, in those cases, there was still some conduct that the court construed as an implied motion to withdraw. *See Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153-54 (6th Cir. 1997) (despite defendant's failure to file a formal motion to withdraw admissions, the fact that defendant raised the issue on oral argument was sufficient for the court to conclude an implied motion had been made); *see also*, *Bergemann v. United States*, 820 F.2d 1117, 1120-21 (10th Cir. 1987) (finding an implied motion to withdraw because the defendant, United States, argued in pretrial hearings and in its memorandum opposing summary judgment that it never received requests for admission). Additionally, in the few district court decisions where a court has permitted a pro se litigant to withdraw deemed admissions absent a motion, the circumstances

6

were such that the pro se litigant did not understand the effect of a failure to respond. *See Jones v. Jack Henry & Assocs.*, No. 3:06-cv-428, 2007 WL 4226083, at *2 (W.D.N.C. Nov. 30, 2007).

In the present case, Ms. Coleman was on notice of the consequences of not responding to Starbucks's request because Starbucks expressly stated in its requests for admission the effect of a failure to answer and cited to the Federal Rules of Civil Procedure. (Doc. No. 44-1). Additionally, Ms. Coleman was given an extra two weeks to respond. (Doc. No. 43 at p. 2). Despite her failure to respond, Ms. Coleman specifically stated in her response opposing summary judgment that she would not dispute or give testimony contrary to the admissions. (Doc. No. 51 at p. 2). Rather, Ms. Coleman's argument was entirely based on proving the falsity of Starbucks's documents. (*See* Doc. No. 51). Ms. Coleman's argument regarding the falsity of Starbucks's documents is unavailing given that Ms. Coleman's deemed admissions are dispositive of this case.

Additionally, Ms. Coleman had a second opportunity to address the deemed admissions in her objections to the R&R. However, Ms. Coleman did not address the Magistrate Judge's discussion about the deemed admissions, and she failed argue that the Court should withdraw her admissions. Instead, Ms. Coleman used her opportunity to object to the R&R to again argue that Starbucks has falsified documents and engaged in misconduct. (Doc. No. 62). Nowhere in Ms. Coleman's objections to the R&R does the Court discern a request to withdraw the deemed admissions or any conduct tantamount to a motion seeking that relief. Additionally, Ms. Coleman does not explain why the Court should not consider her statements—that she will not dispute her deemed admissions—to be inconsistent with any attempt to withdraw the admissions. Since the Court agrees with the Magistrate Judge that it cannot *sua sponte* move on Ms. Coleman's behalf to withdraw her deemed admissions, the Court will adopt the Magistrate Judge's recommendation that summary judgment should be granted in favor of Starbucks.

## 2. Ms. Coleman's Objections

The remainder of Ms. Coleman's objections are not responsive to the Magistrate Judge's discussion in the R&R regarding Ms. Coleman's deemed admissions. Ms. Coleman provides the following objections to the R&R: (1) an objection to inaccuracies in the Report and Recommendation; (2) an objection to Starbucks stating that there is no genuine issue as to material facts; (3) an objection that Starbucks's summary judgment motion contradicts its answers to Ms. Coleman's amended complaint; (4) an objection to Patricia Davilla's Declaration; and (5) an objection "to Starbucks deemed admissions and their discovery misconduct." (*See* Doc. No. 62 at pp. 3, 6, 9, 13). Additionally, Ms. Coleman's "Addendum to My Objections" raises objections to Starbucks's filing of "back-to-back" motions to overwhelm Ms. Coleman so that she would not notice that Starbucks altered, rewrote, and falsified her complaint. (Doc. No. 63 at p. 2). In response, Starbucks contends that the Court should adopt the R&R because Ms. Coleman fails to respond to the Magistrate Judge's finding that the Court cannot *sua sponte* move to withdraw deemed admissions. (Doc. No. 64 at p. 3).

Many of Ms. Coleman's objections are legally insufficient as they are unresponsive to the R&R, or they dispute the accuracy of the evidence. These objections do not permit Ms. Coleman to survive summary judgment. Ms. Coleman merely re-asserts many of the same arguments previously raised in her response in opposition to Starbucks's summary judgment motion. (*See* Doc. No. 51). Since Ms. Coleman's deemed admissions are dispositive of this case, these arguments are inapposite.

Ms. Coleman repeatedly states that there is a genuine issue of material facts, but she has failed to move to withdraw her deemed admissions despite proper notice and multiple opportunities to do so. (*See* Doc. Nos. 62 & 63). At this stage in the litigation, the time has passed

for Ms. Coleman to move to withdraw her admissions. Despite this, Ms. Coleman continues to present evidence contradicting her deemed admissions. Ms. Coleman's attempt fails because "a party cannot attack issues of fact established in admissions by resisting a motion for summary judgment." *Kasuboski*, 834 F.2d at 1350. Additionally, Ms. Coleman objects to Starbucks's alleged misconduct and "improper discovery tactics." (Doc. No. 62 at pp. 13-15). The Court notes that Ms. Coleman has already moved for the Court to sanction Starbucks for its "unethical and illegal" conduct. (*See* Doc. No. 70)). The issues related to Starbucks's alleged misconduct are also not a proper objection to the dispositive issue of the deemed admissions. Ms. Coleman's objections to Starbucks's alleged misconduct in this litigation may be addressed in response to her motion for sanctions.

### D. CONCLUSION

All litigants, including pro se litigants, must comply with the Federal Rules of Civil Procedure. *B.I. v. Montgomery Cty. Bd. of Educ.*, 750 F. Supp. 2d 1280, 1282 (M.D. Ala. 2010). The purpose of Rule 36 is to promote judicial efficiency and narrow the issues for trial. *See Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1264 (11th Cir. 2002). Rule 36 makes clear that a party has thirty days to respond to requests for admission or else the matters will be "conclusively established." Fed. R. Civ. P. 36. If a court permitted a party who failed to respond to requests for admission to continue to contest those matters at the summary judgment stage, then the purpose of Rule 36 would be undermined. While the effects of Rule 36 can be severe at times, a party is not left without a remedy. The Rule provides the exclusive remedy for deemed admissions by permitting a party, upon motion, to request relief from the court to amend or withdraw admissions. Fed. R. Civ. P. 36(b). A party that fails to utilize this procedure bears the consequences. Unfortunately, Ms. Coleman did not timely respond to Starbucks's requests for admission, and she

subsequently failed to move for relief from the Court. Therefore, this Court will adopt and confirm the R&R.

Based on the foregoing, it is ordered as follows:

1. The Plaintiff Darlene Coleman's Objection (Doc. No. 62), filed August 21, 2015, and the Addendum to the Objection (Doc. No. 63), filed on August 24, 2015, are **OVERRULED**.

2. The Amended Report and Recommendation (Doc. No. 60), issued August 5, 2015, is **ADOPTED and CONFIRMED** and made a part of this Order.

3. The Defendant Starbucks Corp.'s Motion for Final Summary Judgment, (Doc. No. 44), filed May 14, 2015, is **GRANTED.**

4. The Clerk shall enter a final judgment providing that the Plaintiff Darlene Coleman shall take nothing on her claims against the Defendant Starbucks Corp. The judgment shall further provide that the Defendant shall recover its costs of this action.

5. The Clerk is directed to close the case.

6. The Court reserves jurisdiction to address the Plaintiff Darlene Coleman's pending motion (Doc. No. 70), filed on September 28, 2015.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 15, 2015.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties
Magistrate Judge