UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARLENE COLEMAN,

      Plaintiff,

v.                                Case No:   6:14-cv-527-Orl-22TBS

STARBUCKS,

      Defendant.

_____

<u>ORDER</u>

Pro se Plaintiff Darlene Coleman filed this case alleging racial discrimination and retaliation by her former employer, Defendant Starbucks Corp. (Doc. 10).   The case proceeded in the usual course and Starbucks filed a motion for summary judgment (Doc. 44).   Ms. Coleman responded to the motion and in August 2015, this Court issued a Report and Recommendation that the motion for summary judgment be granted (Docs. 51, 60).   Ms. Coleman objected to the Report and Recommendation (Docs. 62-63).

While the District Judge had the Report and Recommendation under advisement, Ms. Coleman filed a motion titled "Starbucks and Their Lawyers Tampered and Falsified Starbucks Partner Resource Reports Then They Submitted as Evidence for the Trial and During the Pretrial Meeting they Committed Professional Misconduct" (Doc. 70).   In her prayer for relief she wrote: "Because of the Severity of Starbucks and their lawyers illegal acts to cover up Starbucks Discrimination and Retaliation I Pray the courts rule in my favor and I request the courts Recommend Starbucks return to Settlement Conference and settle my case."   (<u>Id</u>., at 8).

The District Judge overruled Ms. Coleman's objections, adopted the Report and

Recommendation, and entered summary judgment for Starbucks (Docs. 74-75).   Ms.

Coleman has appealed the judgment (Docs. 74, 80).   In her Order, the District Judge

reserved jurisdiction to address Ms. Coleman's allegations of illegal and unethical

conduct by Starbuck's and its lawyers (Doc 74 at 10).   On November 9, 2015 this Court

held a hearing on Ms. Coleman's motion.   At the hearing, she produced 69 additional

pages of allegations and documents in support of her allegations that:[1]

> 1. After I filled my Addendum to (Doc. No.70) on 10/19/2015 the next day on 10/20/2015 I was reviewing the Partner Resource Reports to count how many times I made calls to Partner Resources and how many other calls was made in regards to my case as I was counting I came across two duplicate reports that was entered pages apart from each other page (2) and page (35) that didn't make any sense to me so I reviewed each page of the Partner Resource Report carefully to try and figure out why there is two duplicate reports. What I discovered was devastating and hurtful Starbucks and their lawyers tampered and falsified the reports to Defamed my Character to make me look like I had behavior problems stating that I did and I was a insubordinate employee who had attendance problems to cover up that I wasn't Racially Discriminated or Retaliated against. In these Exhibits I will show proof of more damaging evidence that Starbucks and their Lawyers without a shawdow of doaught did Tamper and Falsify the Partner Resources Report so it would disfavor my case and favor their case please bear with me as I expose Starbucks and their lawyers Unethical and Illegal acts that made me look like I had no morals no respect for my job or respect for people.

> First I will start with Starbucks lawyers answer to my motion (Doc.No.70) which leads into the evidence I discovered that they made false statements to the courts and did Tamper with the Partner Resource Reports. Starbucks lawyers made false statements in (Doc.No.77) on page #4 that Starbucks adamantly denies that it altered or falsified the Partner Resources file in any way and that Starbucks identified three trial witnesses ,Christine McWerter, Tyler Haugen, and Rochelle Johnson who all work in Partner Resources and would have authenticated the exhibit at trial. Starbucks lawyers made false statements Tyler Haugen no longer works in Partner Resource he transferred to another department in September of 2012 in my last conversation with him on September 19,2012 he told me that so If I had any more complaints I would have to contact Partner Resources and open up another case.

---

[1] These are the claims Ms. Coleman argued at the hearing on November 9, 2015 (Doc. 82-1 at 1-9).

In the Partner Resource Report Mr. Haugen stated that he was transferring I will show proof of that in the Exhibit also Starbucks lawyers sent me a letter on September 4, 2015 stating that Starbucks will likely call Rebecca Schott, Pat Davila, and Christine McWerter as witnesses at trial. It is clear to see that Starbucks lawyers tampered with the Partner Resources Reports because they told the courts that they would have called Tyler Haugen, Rochelle Johnson, who names has the majority of the false reports entered under to cover up the Discrimination and the Retaliation that Starbucks committed against me which in the letter Starbucks lawyers sent to me they wasn't calling Tyler Haugen or Rochelle Johnson as witnesses for trial. See (Exhibit # 1) Letter from Starbucks lawyers.

2.   Starbucks stated in (Doc.No.77) Moreover, her alleged proof that the file was falsified or altered is illogical. Simply because the document does not contain page numbers does not mean it was falsified. When the document was printed from the Partner Resources database, it did not include page numbers. Additionally, while the document does not specifically say "Partner Resources Report" it is clear that it is what it is, as it contains the notes of Partner Resources representatives. If that statement is true then why did Starbucks Ethic Compliance Report Exhibit # 16 from Starbucks trial Exhibits List that was printed from the database printed out with information showing the page numbers and that it is Starbucks Ethics Report and when it was printed out which was 4/17/2013 Starbucks and their lawyers Tampered with the Partner Resources Reports that's why all the information is erased from the reports. See ( Exhibit # 2) Starbucks Business Ethics Report.

3. Starbucks Partner Resources Reports has over 50 calls entered but the Partner Resource Reports call logs has only 9 pages of case information. Each call is suppose to have a ID number, Description of the complaint, Assigned To, Categorization, Status, Priority, Details, Resolution Codes, Customer information, Contact Information, Notes Entered   By:, Where is the other reports Case Information. Starbucks stated in (Do. No. 77) page #4 that Plaintiff makes claim that the documents must be falsified because it does not align with an unspecified "call history." Defendant is unclear as to the call history to which Plaintiff refers. Plaintiff has not provided the call history and has not demonstrated how the dates and times in the Partner Resources file conflict with alleged call history. I did explain clearly about the conflicts of the calls history call history front pages of my calls are missing dated 10/17/2012,11/26/2012,11/28/2012, 3 out of the 9 case information reports dates are missing my complaints are spread out through the Partner Resource Reports mixed in with false reports. See (Exhibit # 3) Starbucks Partner Resources Reports 9 pages of case information missing dates, Notes Entered by dates are different from due dates only

two case information reports have matching due dates and entered by
dates 6/25/2012,and 8/6/2012.

4. Starbucks Lawyers stated in (Doc.No.77) page #5 It is clear that
Plaintiff is displeased with the Partner Resources file as it was created
contemporaneously with the events transpiring in the case and is
unfavorable to her claims. If this is true and Starbucks Partner Resources
was reporting contemporaneously why didn't Starbucks Partner
Resources enter dates from statements I made in my 2014 complaint and
my Response to Starbucks Summary judgment 2015 and my EEOC
report that Starbucks lawyers received in 2015 after they filed the
Summary Judgment that they added to the Partner Resources Reports
after I was terminated and after I filed my lawsuit. Also Starbucks lawyers
stated in their on page # 6 of (Doc.No.77) that the Corrective Actions was
faxed to Partner Resources after they were given to me if that is true then
Partner Resources should have been aware of when the Corrective
Actions was given to me and documented each time I was given one.

What's amazing to me is that Partner Resources didn't document in there
reports that I was giving any of the false Corrective Actions that I reported
that was added to my personnel file after I was terminated dated
7/31/2012, 8/28/2012, 10/23/2012, because the Corrective Actions was
created after I was terminated and faxed to them for the first time on
12/20/2013 for the first time after I requested a copy personnel file which
proves that Starbucks Partner Resources was never made aware of or
given the false Corrective Actions in the month they were supposedly
given to me. Starbucks and their lawyers was so busy trying to Defame
my Character that they didn't pay attention to that because they made
false statements and added them to their Response (Doc.No.77) stating
that the Corrective Actions were originally created and presented to
Plaintiff while she was working at Starbucks to make it look like I was a
insubordinate employee who had bad attendance problems. Starbucks
and their lawyers also stated that in their Summary Judgment and in
Patricia Davila False Declaration that I was given these false Corrective
Actions while I was employed at Starbucks which was never given to me
that Starbucks filed to the courts in Bad faith to further Defame my
Character and cover up the Discrimination and Retaliation they
committed against me. See (Exhibit # 4) The (3) Corrective Actions that
was added to my personnel file after I was terminated.

5. Starbucks stated in (Doc.No.77) page #6 Nevertheless, Plaintiff has
no evidence that Starbucks in any way created the Partner Resources
file after she initiated the lawsuit. Yes I do because I found two Partner
Resources Reports that are Duplicate reports page # 2 is Duplicate of
page # 35 the difference in the reports is that someone put different
months the reports are Duplicate reports because that's where Starbucks
lawyers added in the false reports from Tyler Haugen and that's also why

reports from 11/19/2012 entered by Rochelle Johnson is in between reports from January 18,   2013 and 9/24/2012 reports page # 2,35, 36, 37,mixed in with the original true reports from Partner Resource Manager Tyler Haugen because the person that Tampered with the Partners Resources Reports didn't know how to fix it after they Tampered with it. Page # of the duplicate report also is the same page that a false email was added with false documents that Starbucks lawyers used to add as their evidence for their Exhibit List. See (Exhibit # S) (2) Duplicate false Partner Resources Reports page # 2, page # 35.

6. Starbucks lawyers added false statements to the Partner Resource Report to cover up the Retaliation they committed against me Starbucks stated in (Doc.No.77) page # 5 There is absolutely no reason why Partner Resources would add additional complaints to the file. I stated in (Doc.No.70) that Starbucks and their lawyers tampered and falsified the Partner Resources Reports to cover up the Discrimination they committed against me which they did because they created false reports to Defame my Character because after I filed my complaint in 2014. Starbucks and their lawyers added false reports and took statements from 2014 complaint (Doc.No.20) and from my Response to the Summary Judgment 2015 (Doc. No. 51) from my EEOC reports to Partner Resource Manager Tyler Haugen reports dated 8/29/2012 Allegations page #39, 9/19/2012 page # 36-37, 9/21/2012 page # 36 and created false reports under his name on 9/24/2012 page #̶36 after he transferred to another department and no longer worked for Partner Resource Service Center which Mr. Haugen stated in the Partner Resources Report during our last conversation on 9/19/2012 on page # 37. Starbucks and their lawyers did this to discredit me so that the Partner Resources Reports would disfavor my case and favor their case and cover up the Discrimination and the Retaliation they committed against me.

On page # 39 of the Partner Resources Reports Entered by: Tyler Haugen 8/29/2012 8:27 am stated that DM Pat Davila gave these additional notes on Monday August 27, 2012 Allegation: Store manager Schott demanded Coleman work while injured I only reported this in my EEOC complaint 11/1/2012 Starbucks didn't receive a copy of the report until 2015 there is no way Ms. Davila reported this in August 2012 because I didn't report this until November 1, 2012 this was added to the Partner Resources Reports after I was terminated because my EEOC complaint in November 1, 2012 was never reported to Partner Resources because I decided to close the case because I was in the middle of an open investigation with Partner Resources so I gave them a chance to resolve it but instead Starbucks terminated me in the middle of an open investigation because of my complaints of Discrimination and Retaliation. Allegation: Parking out front by SM Store Manager Schott but coaching Coleman that statement is false and I didn't report this until June 15,

2015 Response to Summary judgment . I only documented this it was added from 2015 Response to Summary Judgment to Defame my Character. Starbucks took the some of my complaints and falsified them false statements to make me look like I was an insubordinate employee page # 39.   See (Exhibit # 6) Partner Resource Reports pages 36, 37, 39, Letter from EEOC closing my case dated 11/15/2012, EEOC Complaint 11/1/2012.

7. Starbucks and their lawyers added false statements to the Partner Resources Reports to cover up the Discrimination they committed against me and they tried to cover up that they gave my shifts and hours to a Caucasian Partners and that they replaced me with a Caucasian Partner that they were trying to replace me with while I was still employed at Starbucks. I complained in my 2014 lawsuit and in my 2015 Response to Summary Judgment that Amanda Gwynn Caucasian Partner was scheduled 12 and when Amanda complained to Ms. Schott about the low hours she was scheduled Ms. Schott revised the schedule 11/21/2012 and gave Amanda Gwynn (6) more hours and gave (3) other Caucasian Partners more hours at the same time she was cutting my hours and denied my day off. When I complained to Ms. Schott about only being scheduled 12 she said she wasn't changing anything how did this end up in the Partner Resources Reports when my case was closed on 12/17/2012 and I didn't report this until 2012 and 2015.

Starbucks and their lawyers falsified my complaints with false statements to make it look like it wasn't Racial Discrimination but to make it look like I complained that she was working less hours See ( Exhibit #7) page #3, #4 Partner Resources Reports Entered by: Rochelle Johnson 12/5/2012 this report was entered after I was I was terminated to cover up the Racial Discrimination. In my 2012 complaint and my 2015 Response to Summary Judgment I stated that Katherine Welker Caucasian Partner was given my Sunday shift 6:30 am–10:30 am that Ms. Schott took from me and said I couldn't work because they don't meet the needs of the Starbucks lawyers added false statements in the Partner Resources Reports that I complained that my shifts was also being given to African American Partner Leontyne Carter to cover up that I wasn't being Racially Discriminated against Ms. Carter was one of the African Americans that Ms. Schott terminated February 2013 See Partner Resource false report page # 21 Entered by Stephen Barbouletos 10/17/2012 10:15 am. Then under Partner Resource Manager Tyler Haugen report Entered 8/7/2012 8:50 am page #43 # 44 which is the original true report states that I complained that new Partner Katherine Welker was given Coleman's old schedule. See (Exhibit # 7) my 2014 and 2015 complaint about Amanda Gywnn Caucasian partner scheduled 12 hours and being given more hours and other Caucasian Partners being given more hours, Partner Resources Reports Page #3, 4, 21, 43, 44.

8. Starbucks and their lawyers added false Defaming statement to the Partner Resource Reports to make it look like had behavior problems and was a insubordinate employee who had bad attendance to cover that I wasn't terminated because I was Discriminated and Retaliated against they are as follows:

(a) Partner Darlene put her hand in Becca's face and walked out the store (Page # 29) 7/21/2012

(b) Partner admitted hang up on Store manager and go have a Blessed day (Page # 45) 7/30/2012

(c) Texted store Shift Supervisor told her I would be 1.5 hour late and I never showed up for my 4 hour shift or arranged coverage (Page # 6) 11/26/2012

(d) Rolling my eyes during when they gave me my review (Page # 4) 12/1/2012

(e) Yelled at Ms. Schott (Page # 10, 11) 7/9/2012

(f) Yelled at District Manager Davila (Page # 4) 12/1/2012

(g) Yelled at Ms. Schott told her I absolutely can't work 21 hours and wont, and hold her hands up like she won't talk about it and left the store (Page # 31) 7/26/2012

See (Exhibit # 8) False Partner Resources Reports added page # 6, 10, 11, 28, 29, 30, 31, 45,

9. Starbuck lawyers stated in their Reply Brief (Doc. No. 56) page # 6-7. That Ms. Coleman claims that she made multiple reports that her store manager, Ms. Schott, was discriminating against. However, other than her own self-serving response, which contradicts her admissions, there is no evidence that Ms. Coleman ever complained of about discrimination to anyone. That statement is false because I did complain of Discrimination and Retaliation and the Partner Resources Reports stated I complained multiple times they are as follows:

(a) Partner Resources Report page # 10 complaints of Discrimination, Harassment, and Retaliation

(b) Complaints of Retaliation and Discrimination page # 14

(c) Page # 18

(d) page # 50

(e) Page # 4

(f) Page # 47

Throughout the Partner Resources Reports it stated I complained of Discrimination and Retaliation See (Exhibit # 9) for these complaints of discrimination and Retaliation.

10. In the Partner Resources Report it stated that before giving a Corrective Action it has to be reported to Partner Resources first the report even stated that Ms. Schott hadn't contacted Partner Resources to inform them of the Corrective Action before she delivered it to me on 10/20/2012. See (EXHIBIT # 10) pages 15, 16, 17, 18.

I am Outraged about what Starbucks and their lawyers tried to do to my reputation there is no excuse for their behavior. Starbucks and their lawyers Defamed my Character to make me look like I had behavior problems I would yell and scream and was a insubordinate employee who had bad attendance to cover up the Discrimination and the Retaliation they committed against me. If I was that type of employee why wasn't I like that my first 6 months employed at Starbucks how is that after Ms. Schott took over our store I became a bad employee. Starbucks and lawyers took my complaints from the Partner Resources Reports of Racial Discrimination and Retaliation and falsified them false statements then they took statements from my complaint 2014 and motions I filed 2015 with the courts and added them to the Partner Resources Reports so the Partner Resources Reports would disfavor my case and favor their case. Starbucks lawyers told the truth when they said that Ms. Coleman is displeased with the report because it disfavored her case they knew the report would because they Tampered and Falsified the reports to Defame my Character. What Starbucks and their lawyers did to me was done with malice with intent to do me harm and damage my reputation. I ask the courts to penalize Starbucks and lawyers to the full extent of the law and make them return to settlement conference and settle this case. This case has gone from a Race Discrimination and Retaliation case to a case of Tampering with evidence for trial to cover up the Discrimination and Retaliation which is Illegal and a crime and a Defamation of Character case. In the event that Starbucks and their lawyers don't want to settle this case I stand ready to file complaints against Starbucks lawyers with the Bar Association and file individual lawsuits against Starbucks and their lawyers.

(Doc. 82-1 at 1-9).

At the hearing, Ms. Coleman was given the opportunity to explain and argue these claims at length.   Starbucks and its lawyers deny all allegations of wrongdoing (Doc. 77).

Ms. Coleman has not stated what law she is proceeding under.   Her motion cannot be brought pursuant to FED. R. CIV. P. 11 because there is no evidence that she complied with FED. R. CIV. P. 11(c)(2).

Title 28 U.S.C. § 1927 empowers district courts to sanction attorneys who "multipl[y] the proceedings in any case unreasonably and vexatiously."   The Eleventh Circuit has "held that an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'"   Bernstein v. Boies, Schiller & Flexner, LLP, 236 F. App'x 564, 569 (11th Cir. 2007).[2]

A district court has "broad discretion to impose sanctions for litigation misconduct based on its inherent power to manage its own affairs.   A finding of bad faith, however, is required to impose sanctions based upon the court's inherent power."   Wandner v. Am. Airlines, 79 F. Supp. 3d 1285, 1297 (S.D. Fla. 2015).

As the party seeking sanctions, Ms. Coleman carries the burden of proof on her motion.   In Wandner the court explained:

> For "issue-related" sanctions–"those that are fundamentally remedial rather than punitive and do not preclude a trial on the merits"–the proof must be by a preponderance of the evidence.   In contrast, for "fundamentally penal" sanctions–such as "dismissals and default judgments, as well as contempt orders awards of attorneys' fees, and the imposition of fines"–the clear and convincing standard is used.

Id. (internal citations omitted).

---

[2] Because this is an unpublished decision it is not considered binding precedent, but may be cited as persuasive authority.   CTA11 Rule 36-2.

The only sanction Ms. Coleman specifically requested is that the Court recommend to Starbucks that it settle her case (Doc. 70 at 8).   The Court cannot force Starbucks to settle, and settlement at this point in the case seems unlikely unless Starbucks prefers a settlement to litigating the appeal.   Ms. Coleman also generally asked the Court to "Penalize and Sanction Starbucks and their Lawyers."   (Id.).   Given the nature of Ms. Coleman's allegations, and because judgment has already been entered for Starbucks, any sanction the Court would impose would be in the nature of a penalty and therefore, the Court finds that the clear and convincing standard applies.

The next issue is whether the Court has jurisdiction to decide the motion. Magistrate judges may "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."   28 U.S.C. § 636 (b)(1)(A).

District judges can also designate magistrate judges "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court the proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in [§ 636 (b)(1)(A)]."   28 U.S.C. § 636 (b)(1)(B).

Federal Rule of Civil Procedure 72(a) provides that magistrate judges can enter orders on any "pretrial matter not dispositive of a party's claim or defense."   Whether the Court has jurisdiction to enter an order, or should submit a report and recommendation turns on whether the Court finds that dispositive sanctions are appropriate.   "[T]he critical factor is what sanction the magistrate judge *actually imposes*, rather than the one

*requested* by the party seeking sanctions." Wandner, 79 F. Supp. 3d at 1295 (emphasis in original).

The Court is entering its Order because Ms. Coleman has not met her burden of proof for the imposition of sanctions against Starbucks or its lawyers.   Ms. Coleman's allegations are based entirely upon her own memory, opinions, and conclusions.   The only evidence she has offered to support her claims is her interpretation of the Partner Resource Reports, Ethics Compliance Reports, Corrective Action Forms, telephone call logs, and emails.   There are no declarations, depositions, answers to interrogatories, or admissions in the file to support Ms. Coleman's interpretation of the documents.   This is problematic since, with the exception of some of the Corrective Action Forms, Ms. Coleman was not familiar with and had not even seen the documents prior to this lawsuit. There is no proof that she was ever trained in the preparation, use, or purposes of the documents, and the conclusions she has drawn after analyzing the documents do not prove by clear and convincing evidence her allegations against Starbucks or its lawyers. The Court will not separately discuss each of Ms. Coleman's charges but, offers these examples to illustrate some of the flaws in Ms. Coleman's reasoning.

There are page numbers and the print date on the Ethics Compliance Reports but not on the Partner Resource Reports.   The Partner Resource Reports are untitled and do not reflect the issuance of Corrective Action Forms to Ms. Coleman.   She concludes that these discrepancies prove that Starbucks tampered with and erased information from the Partner Resource Reports.   But, Ms. Coleman has not presented evidence to show that the Partner Resource Reports, as kept by Starbucks in the usual course of business, are titled or numbered, and there is no evidence showing how Starbuck's employees actually fill-out and use the forms in the regular course of business.

Ms. Coleman alleges that after she was terminated, Starbucks went back and inserted in the Partner Resource Reports information from her EEOC complaint; the complaint she filed in this Court in 2014; and information from her response to Starbucks' motion for summary judgment.   First, these allegations are based on Ms. Coleman's memory of what she said to Starbucks and when she said it.   Second, she has not provided a rational explanation why Starbucks would add charges of wrongdoing on its part to its own business records.

Ms. Coleman complains that false allegations of wrongdoing on her part were also added to the Partner Resource Reports.   These entries include statements that she yelled at superiors, rolled her eyes, did not show up for work, and walked off the job. The fact that Ms. Coleman denies the truth of these entries, without more, is not clear and convincing evidence that anyone fabricated Starbuck's records.

Ms. Coleman contends that a September 4, 2015 letter from Starbuck's lawyers proves that Starbucks tampered with and fabricated Partner Resource Reports.   In the letter the lawyers stated that they would "likely call Rebecca Schott, Pat Davilla, and Christine McWerter as witnesses at trial."   (Doc. 82-1 at 10).   Later, Starbucks added Tyler Haugen and Rochelle Johnson as potential witnesses.   Contrary to Ms. Coleman's claim, this does not prove that Starbucks or its lawyers tampered with the Partner Resource Reports.

For these reasons, Ms. Coleman's motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 20, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties