UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARLENE COLEMAN,

    Plaintiff,

v.                                                                  Case No:   6:14-cv-527-Orl-22TBS

STARBUCKS,

    Defendant.

## ORDER

Pro se Plaintiff Darlene Coleman filed this case alleging racial discrimination and retaliation by her former employer, Defendant Starbucks Corp. (Doc. 10).  On September 28, 2015, Plaintiff filed a motion titled "Starbucks and Their Lawyers Tampered and Falsified Starbucks Partner Resource Reports Then They Submitted as Evidence for the Trial and During the Pretrial Meeting they Committed Professional Misconduct" (Doc. 70). In her prayer for relief she wrote: "Because of the Severity of Starbucks and their lawyers illegal acts to cover up Starbucks Discrimination and Retaliation I Pray the courts rule in my favor and I request the courts Recommend Starbucks return to Settlement Conference and settle my case."  (Id., at 8).  On October 16, 2015, the district judge entered summary judgment for Starbucks but reserved jurisdiction to address Plaintiff's motion for sanctions (Docs. 74-75).

The Court held a hearing on Plaintiff's motion on November 9, 2015.  At the hearing, Plaintiff produced 69 additional pages of allegations and documents in support of her motion for sanctions.  The 69 additional pages are located at docket entry 83. Plaintiff was given the opportunity to explain and argue her allegations of misconduct at

length.  After hearing from Plaintiff and counsel for Starbucks, the Court denied Plaintiff's motion for sanctions, finding that she had failed to meet her burden of proof (Doc. 84).

On November 23, 2015, Plaintiff filed a motion titled "Motion Requesting that all papers that I gave to the courts at hearing be submitted to the docket." (Doc. 85). Plaintiff represented that she gave the Court Starbucks' 60 page Partner Resource Report at the hearing.  Plaintiff's motion was denied the following day because she failed to ask the Court to mark any documents for identification or to admit any documents into evidence at the hearing; the Court did not remember all of the documents it looked at during the hearing; and it appears that the papers Plaintiff sought to file are already in the record as an attachment to docket entry 70 (Doc. 87).  The case is now before the Court on Plaintiff's motion to reconsider the Orders denying her motion for sanctions (Doc. 84) and denying her motion to file Starbucks' Partner Resource Report (Doc. 87).  Starbucks opposes the motion (Doc. 94).

Plaintiff does not rely on any specific rule in her motion for reconsideration.  Rule 59(e) provides a vehicle for retaining relief from a judgment.  FED. R. CIV. P. 59(e).  "A Rule 59(e) motion must be filed no later than 28 days after the entry of the judgment." Rivero v. Taylor, 465 F. App'x 839, 840 (11th Cir. 2012) (citing FED. R. CIV. P. 59(e)). "The only grounds for granting a Rule 59(e) motion are the submission of newly-discovered evidence or the demonstration of manifest error."  Id. (citing Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).  See also Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999) ("There are three grounds that justify granting a motion to alter or amend judgment: 1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice.").  "[A] Rule 59(e) motion [cannot be used] to

relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (citing Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998)).

Another procedural vehicle for obtaining relief from a final judgment is Rule 60(b), which provides six specific grounds for relief. Regardless of which rule Plaintiff relies on, "[t]he Court's reconsideration of a prior order is an extraordinary remedy." Taylor Woodrow Const. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "'A motion for reconsideration should raise new issues, not merely readdress issues litigated previously.'" Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (quoting PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995)). "The motion must set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." Id. (citing Taylor Woodrow Const., 814 F. Supp. 1072; PaineWebber, 902 F. Supp. at 1521).

Plaintiff's motion for reconsideration summarizes the November 9, 2015 hearing and makes many of the same arguments she previously presented. See Docs. 51, 62, 70, 76, 88. Plaintiff thinks Starbucks' Partner Resource Report contains false information and that Starbucks and its attorneys falsified the report to cover up Starbucks' alleged racial discrimination and retaliation. Plaintiff disagrees with the content of the report and Starbucks' motion for summary judgment, and she is certain that she gave the Court a copy of the Partner Resource Report during the November 9, 2015 hearing. She represents that she offered proof that documents were cut and pasted into the Partner Resource Report and she again complains about the report not having page numbers. She "ask[s] the courts to hold Starbucks responsible for Racially Discriminating and

Retaliating against me and Starbucks and their lawyers for Unethical and Illegal Conduct for Tampering and Falsifying the Partner Resource Report to cover it up." (Doc. 88, p. 12).

The Court denied Plaintiff's motion for sanctions because she failed to meet her burden of proving her allegations by clear and convincing evidence and that has not changed. She disagrees with this determination and reasserts many of the same arguments she made at the hearing. These arguments are without merit for the reasons discussed in the previous Order (Doc. 84). Plaintiff takes issue with the Order denying her motion because it did not cite all of her arguments and evidence presented at the hearing, but there is no requirement to do so. The Court addressed portions of Plaintiff's arguments and evidence as "examples to illustrate some of the flaws in Ms. Coleman's reasoning." (Id. at p. 11).

With regard to Plaintiff's motion to reconsider the Order denying her motion to include the Partner Resource Report in the documents that were tendered during the November 9, 2015 hearing, she has not offered any new evidence or arguments that were not presented in her original motion and it appears that the document she is referring to already appears at docket entry 70. For these reasons, Plaintiff's motion to reconsider (Doc. 88) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 16, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Plaintiff, pro se
    Counsel of Record