UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARLENE COLEMAN,

    Plaintiff,

v.                                              Case No:   6:14-cv-527-Orl-22TBS

STARBUCKS,

    Defendant.

## ORDER

On November 9, 2015, the Court held a hearing on Plaintiff Darlene Coleman's motion titled "Starbucks and Their Lawyers Tampered and Falsified Starbucks Partner Resource Reports Then They Submitted as Evidence for the Trial and During the Pretrial Meeting they Committed Professional Misconduct" (Doc. 70).   Following the hearing, Plaintiff ordered a copy of the transcript (Doc. 102), which is at docket entry 104 and has not yet been made available to the general public.

On March 11, 2016, Plaintiff filed four motions related to the November 9, 2015 hearing transcript (Docs. 111, 112, 113, 114).   She argued in her motions that the transcript does not accurately reflect what was said at the hearing.   She requested a refund of the cost of the transcript and that it and the notice of filing the transcript be stricken from the record.   She alleged that the transcript was missing 48 pages and had been altered, tampered with, and falsified.   Plaintiff also challenged portions of the transcript on the basis that she does not recall saying certain statements; words are missing, misspelled, or duplicates; dates and names are wrong or missing; statements

are attributed to the wrong person, were altered, or were made up altogether; and, among other reasons, portions of the transcript are confusing (Doc. 111).

The motion at docket entry 112 was denied because it does not contain a memorandum of legal authority in support of the request pursuant to Local Rule 3.01(a), and because it does not contain the certificate required by Local Rule 3.01(g) (Doc. 115). The Court found that the motions at Docs. 111, 113, and 114 suffer from these same deficiencies (Doc. 116). The Court nevertheless reviewed Plaintiffs' motions and alleged errors, compared the text of the transcript with the digital audio recording of the hearing, and found that (1) the transcript is an accurate account of what was said in the hearing, and (2) that Plaintiffs' allegations concerning alterations, additions, or deletions from the record are completely without merit, with the following exception:

> Pages 69-70 of the transcript contain the following: "And I think whoever was tampering and fussing and fighting with those reports accidentally left Jason's report in there, because that report is stating that they wrongfully terminated me." The transcript should read: "And I think whoever was tampering and falsifying with those reports accidentally left Jason's report in there, because that report is stating that they wrongfully terminated me." Although this is an error, it is not significant.

(Id. at 2-3).

The Court found other insignificant errors in the transcript, which it memorialized on a copy of the transcript with an approximate time noted in the margin for the corresponding location in the audio recording (Id. at 3). Plaintiff was informed that the Court does not sell digital copies of court proceedings, but that she could listen to the electronic recording at the courthouse. The court reporter was directed to correct the noted errors in the transcript prior to making it available to the public (Id.).

This matter is now before Court on Plaintiff's motion to reconsider Doc. 116[1] and her addendum to the motion[2] (Docs. 118, 120).  Plaintiff argues that "clear error that manifest injustice was committed."[3]  (Doc. 120 at 1 (emphasis omitted)).

The Court recognizes three grounds warranting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  McGuire v. Ryland Grp., Inc., 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007).  The moving party must meet a very high standard, presenting "facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id. (internal quotations omitted).  "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction."  Id. (internal quotations omitted).  Finally, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration."  Id. (internal quotations omitted).

Plaintiff's motion for reconsideration fails to identify any clear error or manifest injustice and is premised largely on previously raised and rejected arguments.  It appears that Plaintiff did not actually listen to the recording of the hearing.  For example,

---

[1] Plaintiff's motion is titled "Motion REQUESTING RECONSIDERATION OF (DOC.NOs 111, 113, 114) DENIED AT (DOC.NO.116) BECAUSE ONLY ONE ERROR WAS CORRECTED STATING IT WAS INSIGNIFICANT OUT OF ALL THE ERRORS I REPORTRD [sic] IN THE TRANSCRIPT THEN WORDS AND STATEMENTS WAS [sic] ADDED (73) DELETED (14) SWITCHED OUT (7) IN THE TRANSCRIPT THE COURT FOUND STATING THEY ARE INSIGNIFICANT ERRORS THIS PROVES THE TRANSCRIPT WASN'T EDITED OR PROOFREAD AND THAT THE TRANSCRIPT IS ALTERED, TAMPERED, FALSIFIED, BECAUSE IN ORDER TO ADD WORDS AND STATEMENTS TO THE TRANSCRIPT THAT WERE IN THE ORIGINAL TRANSCRIPT THAT MEANS THEY WERE LEFT OUT OF THE TRANSCRIPT THAT WAS PUT ON THE DOCKET THESE ARE NOT INSIGNIFICANT ERRORS THEY ARE SIGNIFICANT ERRORS PROVING CLEAR ERROR THAT MANIFEST INJUST WAS COMMITTED" (Doc. 118) (emphasis in original).

[2] The addendum is titled "ADDEMDUM [sic] TO (DOC.NO.118) REQUESTING THE COURT MOVE TO STRIKE (DOC.NO.116) REVISED TRANSCRIPT FROM THE DOCKET BECAUSE IT IS ALSO ALTERED, TAMPERED, AND FALSIFIED (Doc. 120) (emphasis in original).

[3] Plaintiff again failed to file a memorandum of legal authority in support of the request pursuant to Local Rule 3.01(a), and she failed to attach the certificate required by Local Rule 3.01(g).

she continues to argue that the transcript misspells "RESOURCE with RECESS," that "Pat Davila name [sic] was taken out of the transcript and replaced with an unknown name Hector Vella," and that 48 pages are missing from the transcript (Doc. 118 at 4-6). Had Plaintiff listened to the recording she would know that I actually said Partner Recess Report on several occasions during the hearing, rather than Partner Resource Report; Plaintiff actually said Hector Vella, not Pat Davila; and there cannot possibly be 48 pages missing.

Plaintiff essentially argues that she is entitled to relief because the transcript contains errors, and any error in a transcript is significant and evidence that the transcript was tampered with, altered, or falsified.  This is nonsense.  None of the transcription errors I noted were substantive, almost all are minor scrivener's errors or the result of stuttering, duplicate words due to breaks in speech, a missing conjunction (such as "and") at the beginning of a sentence, or statements that were cut-off and changed by the speaker, often mid-word.  Indeed, the one error correctly identified by Plaintiff was a scrivener's error.

Plaintiff argues in her addendum that the times I noted for each error in the transcript are "out of order" because they start from 10:31:30 – 11:35:10, then skip to 10:40:10 and 11:41:10 before continuing in order (Doc. 120 at 2).  This argument has no support in the record (see Doc. 116-1), and I can only assume that Plaintiff's papers were inadvertently shuffled before she wrote her addendum.  Plaintiff also argues that not every error in the transcript is noted by a corresponding time for the audio recording, and she cites to several instances were multiple errors are noted on a single page with only one time listed.  She then argues that the time notations are part of a "cover up" for "whoever Altered, Tampered, Falsified this transcript."  (Doc. 120 at 3).  Plaintiff has

- 4 -

misunderstood my prior order. I noted for each error (or group of errors as the case may be) the approximate time for the corresponding location in the audio recording so that Plaintiff would have an easier time navigating the recording of the audio hearing, had she chosen to listen to it. I was not required to list a time, and any perceived errors in the times I listed are insufficient to justify reconsideration of my prior order.

Finally, Plaintiff argues that "[i]n reviewing the transcript and Starbucks Tampered Falsified Partner Resource Report [she has] discovered that they are similar in the way they both were Altered, Tampered, and Falsified proving that Starbucks and their lawyers had their hands in this Unethical Illegal acts [sic]." (Doc. 118 at 6). Plaintiff's argument is without merit, lacks evidentiary support, and, is otherwise simply wrong.

Plaintiff has failed to identify any cognizable basis for reconsideration and therefore, her motion for reconsideration and addendum (Docs. 118, 120) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 29, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties